IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Terrill Thompson, | C/A. No. 8:18-3361-CMC-JDA |
| Petitioner, | |
| v. | |
| | **Opinion and Order** |
| Mr. W. Davis, Warden, | |
| Respondent. | |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254. ECF No. 1. Respondent filed a motion for summary judgment, as well as a return and memorandum of law on February 4, 2019. ECF Nos. 11, 12. A *Roseboro* Order was mailed to Petitioner on February 5, 2019, advising him of the importance of a dispositive motion and the need to file an adequate response. ECF No. 13. Petitioner filed a response in opposition. ECF No. 19.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2), DSC, this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report"). On April 30, 2019, the Magistrate Judge issued a Report recommending that Respondent's motion for summary judgment be granted. ECF No. 24. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner timely filed objections on May 13, 2019. ECF No. 26.

**Standard**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Matthews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

**Discussion**

In his Petition, Petitioner argues the arrest warrants for first degree burglary and strong-arm robbery did not contain a judge's signature and therefore were invalid, and he is being falsely imprisoned after convictions resulted. ECF No. 1. In return, Respondent argues the Petition is time-barred, the claim is procedurally defaulted, and fails on the merits. ECF No. 11. The Magistrate Judge's Report recommends the Petition be dismissed as time-barred pursuant to 28 U.S.C. § 2244. ECF No. 24.

Petitioner filed one page of objections. ECF No. 26. In his objections, he argues a federal court should not "entertain state issues within a federal court system" and therefore summary judgment should be denied. *Id.* He also argues he filed a § 2254 motion yet Respondent discusses the standard applicable to petitions under 28 U.S.C. § 2244. *Id.*

Petitioner's first objection, regarding this court ruling on "state issues and state legal arguments" fails. Petitioner filed this action in this court, and thus cannot complain when this court adjudicates his petition.

Next, Petitioner appears to object to application of 28 U.S.C. § 2244 to his Petition, which he filed under § 2254. Section 2244 provides the statute of limitations for the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") which governs habeas corpus petitions. Section 2244 governs when a motion under § 2254 or §2255 must be filed in order to be timely. It was correctly applied in this case by the Magistrate Judge.

Application of the statute of limitations shows this Petition is untimely. Petitioner's criminal conviction was final in 2010. The limitations period was tolled while his properly filed PCR application was pending, from February 16, 2011 to October 1, 2012. When the PCR application was denied, the statute of limitations resumed, and subsequently expired on June 6, 2013. The court agrees Petitioner's second, third, and fourth PCR applications did not toll the statute of limitations because they were filed beyond the expiration of the limitations period and were determined to be not "properly filed."

The court further agrees Petitioner is not entitled to equitable tolling. Although he argues his mental health interfered with timely filing, the court agrees with the Report that Petitioner has failed to establish a causal relationship between the mental illness and his inability to timely file this Petition. Further, he has not established he was incapacitated due to his mental illness during the statute of limitations period.

### Conclusion

After a *de novo* review of the entire record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the

3

conclusions of the Magistrate Judge. Accordingly, the Report and Recommendation is adopted and incorporated by reference. Respondent's motion for summary judgment is granted, and Petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is dismissed with prejudice.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee,* 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
May 16, 2019